Rhode Island Hospital
vs.
John D. Lewis, } W. C. A. No. 945.
Doing business as
John D. Lewis.

December 20, 1929.

TANNER, J. This is an action to recover hospital charges under the Compensation Act for services to an injured workman who died without dependents.

The bill of the hospital for twelve days' services was $42, the bill for doctor's services was $59, expenses of burial $308; a total of $409. The respondent tendered to the hospital the sum of $20.54 on account of its bill of $42. The hospital claims that it is entitled to the full amount of its bill under General Laws of 1923, Chap. 92, Article II, Sec. 5, as amended by Public Laws of 1926, Chap. 764. Sec. 5 as amended provides that "during the first eight weeks after the injury the employer shall furnish reasonable medical and hospital services and medicines when they are needed; * * * provided, further, that the charge for hospital services shall not exceed three dollars per day and such laboratory fees and such fees for X-rays and anaesthetics as are customarily charged by the hospital."

The respondent claims that his liability is limited by Sec. 9 of said Article: "If employee dies as the result of the injury, leaving no dependents at the time of the injury, the employer shall pay in addition to any compensation provided for in this chapter the reasonable expenses of the last sickness and burial, which shall not exceed two hundred dollars."

The respondent claims that the word "compensation" in said section refers only to compensation to the injured person based upon loss of wages. The result of such a construction may be to deprive a hospital of payment for services which have already been rendered under the terms of Sec. 5, the liability for which has already accrued, unless it can be reduced by the terms of Sec. 9. The hospital might thus have to gamble upon the probability of a man living, to determine whether it would continue to render its services during the first weeks after the injury. The word "compensation" has already received a construction in this state which makes it include medical attendance which is governed by the same rule of construction as hospital services.

*Henry* vs. *American Enamel Co.*, 48 R. I. 113;

See also *Western Metal Supply Co.* vs. *Pillsbury*, 172 Cal. 407;

*Colorado* vs. *Globe Indemnity Co.*, 74 Col. 52.

We think that under Sections 5 and 9 an employer should, in any event, furnish medical and hospital services for the first eight weeks after the injury. If the employee dies within said eight weeks, the employer should pay, in addition to said medical and hospital expenses, an amount not exceeding $200 for expenses of burial. If the employee dies after the expiration of said eight weeks, the employer is liable for the eight weeks' medical and hospital services and, in addition thereto, under Section 9, for the expenses of the last sickness between the expiration of said eight weeks period and the time of the death, and the expenses of burial, not to exceed $200.

The words "expenses of the last sickness" in Section 9 may well cover the case of an employee dying as the result of an injury after the expiration of the period for which the employer is required to furnish medical and hospital services.

The result of the respondent's construction would be that an employer by reason of the death of an injured employee might escape paying the additional allowance for hospital and medical services provided by Section 5 as

amended. and also escape the payment of a large sum of money to dependents. We think the more liberal construction should be given to these sections of a remedial statute.

We therefore find that the hospital is entitled to its full charge of $42.

For petitioner: Edwards & Angell, Elmer E. Tufts, Jr.

For respondent: Gardner, Moss & Haslam.